EBEL, J.,
concurring.
I agree that we must vacate Defendant-Appellant Jordan Smith’s sentence because of procedural errors. Moreover, regardless of whether Smith’s federal sentence runs consecutively or concurrently to his nine-year state sentence, the 180-month above-guideline federal sentence the district court imposed for his two wire fraud convictions was substantively unreasonable. The 180-month sentence was a significant upward variance, more than three times the top of Smith’s advisory guideline range and adding, in absolute terms, ten years to the usual four- to five-year sentence that the Sentencing Commission envisioned for a mine-run defendant with the same offense level and criminal history as Smith. The district court varied upward to this degree because the court determined that Smith was incorrigible. I cannot agree, in light of Smith’s young age (twenty-three at the time of sentencing); the fact that Smith has never, before his current burglary-and-wire fraud scheme, served any time in prison, only *862 suspended sentences, and short stints in jail and on work release [1]; and because his prior criminal conduct does not indicate that Smith committed the same offenses over and over again. There is no question that Smith has amassed a long list of prior convictions, despite his young age. But those convictions were generally for petty crimes and traffic offenses, which Smith’s criminal history score already takes into account.
Recognizing that determining whether a sentence is substantively unreasonable is a sui generis endeavor grounded in the specific facts in a given case, see United States v. Ressam, 679 F.3d 1069, 1087-88 (9th Cir.2012), Smith’s sentence is similar to the sentence struck down as unreasonable in United States v. Tucker, 473 F.3d 556 (4th Cir.2007). There, the defendant was convicted of bank fraud; her guideline sentencing range was 24 to 30 months in prison. Id. at 557-58. The district court varied upward ten years to impose a 144-month sentence in order to protect the public, after the court concluded that the defendant was “a scheming thief’ and “apparently always would be.” Id. at 564-65 (internal quotation marks, alteration omitted). The Fourth Circuit vacated that sentence, holding that, “[although the risk of recidivism could justify an upward variance, the extreme [ten-year] increase [in that case] reflects an exercise of judicial discretion of the kind that the Sentencing Act was designed to avoid.” Id. at 564. In support of its decision, Tucker noted that the Supreme Court had previously stressed the importance of maintaining “ ‘a strong connection between the sentence imposed and the offender’s real conduct — a connection important to the increased uniformity of sentencing that Congress intended its Guidelines system to achieve.’ ” Id. (quoting United States v. Booker, 543 U.S. 220, 246, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)); see also United States v. Allen, 488 F.3d 1244, 1258-59 (10th Cir.2007) (noting “that courts of appeals have regarded extreme variances on the basis of such factors [as the defendant’s likelihood of recidivism or reform] unreasonable”). That reasoning applies to Smith’s sentence, as well.
I realize that we must afford the district court’s sentencing decision significant deference, see Gall v. United States, 552 U.S. 38, 41, 49, 51-52, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and that it will be a rare sentence that is substantively unreasonable, see United States v. Fraser, 647 F.3d 1242, 1247 (10th Cir.2011). And Smith’s case does present circumstances that would justify an upward variance. But the extent of the variance imposed in this case is just too great for a sentence “sufficient, but not greater than necessary” to achieve the purposes of a federal sentence, 18 U.S.C. § 3553(a). See Gall, 552 U.S. at 50, 128 S.Ct. 586 (noting that “a major departure” from the advisory guideline range “should be supported by a more significant justification than a minor” variance). Smith’s 180-month sentence, *863 even run concurrently to his state sentence, is substantively unreasonable.

. See United States v. Mishoe, 241 F.3d 214, 220 (2d Cir.2001) (noting that, "if a defendant served no time or only a few months for the prior offenses, a sentence of even three or five years for the current offenses might be expected to have the requisite deterrent effect”); United States v. Qualls, 373 F.Supp.2d 873, 877 (E.D.Wis.2005) ("Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend.”); United States v. Hammond, 240 F.Supp.2d 872, 880 (E.D.Wis.2003) (noting that "if a defendant’s prior sentences were measured in months or days, a federal sentence of just a few years would likely provide a significant deterrent”).